```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| LAVAUGHN M. GRAY | : |
|   | : |
| v. | : Civil Action No. DKC 22-1263 |
|   | : |
| MONTGOMERY COUNTY PUBLIC SCHOOLS, et al. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion to substitute and dismiss filed by the United States of America ("United States") on behalf of Defendants Social Security Administration and "A. LJ. Judge." (ECF No. 15).[1] The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

Plaintiff LaVaughn M. Gray, proceeding pro se, filed a form complaint in the District Court for Montgomery County, Case No. 06-01-0009899-2021, on January 8, 2019, naming Montgomery County Public Schools as a defendant. (ECF No. 4). The handwritten explanation of the case in the original complaint states:

> I am here to state my case against Montgomery County School Board. I have worked for Montgomery County School Board for over 17 years. I was hired August 23, 2002 at Julius West Middle School for the cafeteria position as a 10 month shift. Later on I became a part

---

[1] Also pending is Defendants' motion to file an exhibit from the state court record under seal because it contains Plaintiff's medical records. (ECF No. 20). That motion is GRANTED.

> time building service worker as a 12 month shift.  As years increase I noticed around 2015 til now that my pay was steadily decreasing, and no one had an explanation for me when I asked.  My promised pay was $20 an hour, but as I received paycheck after paycheck something was not adding up.  age 53-[illegible] Retirement.

She filed an amended form complaint in the same court on or about July 28, 2021, adding as defendants "Social Security," construed as the Social Security Administration ("SSA"), and "A. LJ. Judge" (the "federal defendants").  (ECF No. 5).  The handwritten explanation of the case in this complaint states:

> I am here to side my case against Montgomery County Pub[l]ic School Board ask for my Retirement Back in 4-1-19 and did not get.  Did get the money and still homeless.  No places call my own.  So I did Disability Insurance Benefits, in 12-12-18.  I [end] up Adventist Behavioral Health Hospital.  8-29-18 and 9-15-18 [went] to safe Journey House.  9-15-18 9-22-18.  I take Medications.  Social Security had to the Psychologist, 9-10-19.  I went to Hearing 6-2-2020 and Hearing 6-2-21.

Both versions of the complaint designated the type of case as "an action of . . . tort" and listed a claim amount of $30,000.

The United States, on behalf of the federal defendants, removed this action to this court on May 26, 2022. (ECF No. 1).  On July 21, 2022, the United States, on behalf of the federal defendants, filed a motion to substitute itself for the federal defendants and to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(6) and/or 12(b)(1).  (ECF No. 15).  The

2

United States argues in its motion that 1) neither of the two versions of Plaintiff's complaint states a plausible claim upon which relief may be granted and 2) the court lacks subject matter jurisdiction over the case because Plaintiff failed to file an administrative claim before filing her complaints.[2]  The Clerk issued a notice the same date advising Plaintiff of her right to respond to the government's motion within twenty-eight (28) days and providing a copy of Federal Civil Rules 12 and 56.  (ECF No. 16).

On July 25, 2022, this court issued an order noting that the court had not been advised that service was effected on Defendant Montgomery County Public Schools and that the summons issued by the state court had likely expired.  (ECF No. 17).  The order directed Plaintiff "either to file an affidavit reflecting that service of process was effected on Defendant Montgomery County Public Schools or request the Clerk to issue a summons within fourteen (14) days."  It also directed the United States, on behalf of the federal defendants, to file copies of all filings in the

---

[2] The United States interprets Plaintiff's complaint as being brought pursuant to the Federal Tort Claims Act, and the administrative exhaustion issue it raises is related to the exhaustion requirements under that Act.  Because the only reference to a possible tort in this case is Plaintiff's checking the box labeled "tort" on the form complaints, this court does not construe the allegations in this case as related to the Federal Tort Claims Act.  However, administrative exhaustion issues may otherwise arise for claims brought against the Social Security Administration, as will be discussed later in this opinion.

3

state court action pursuant to Local Rule 103.5.a, which the United States did on August 4, 2022. (ECF No. 18). Plaintiff did not file an affidavit or request the Clerk to issue a summons within fourteen days.

On September 20, 2022, this court issued an order to show cause, directing Plaintiff to "show good cause within fourteen (14) days as to why Defendant Montgomery County Public School should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a," warning Plaintiff that "failure to respond may result in the dismissal of Montgomery County Public School without further notice." (ECF No. 21). To this date, Plaintiff has not attempted to show good cause, nor has she filed any opposition to the motion to dismiss. Indeed, Plaintiff has not filed anything in this court related to this case.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In undertaking this review, the court liberally construes Plaintiff's pro se complaint, takes all facts pleaded as true, and

4

draws all reasonable inferences in Plaintiff's favor.  *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).

However, because Plaintiff failed to file any opposition to the United States' motion, the court has discretion to dismiss the case without reaching the merits.  *See Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also White v. Wal Mart Stores, Inc.,* No. 13-00031-ELH, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014) ("When a plaintiff fails to oppose a motion to dismiss, a district court is entitled, as authorized, to rule on the motion and dismiss the suit on the uncontroverted bases asserted in the motion." (cleaned up)).  Although the district court also has "discretion to decline to grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit," that is not the case here.  *White,* 2014 WL 1369609, at *2 (internal quotation marks omitted).

Neither version of Plaintiff's complaint states a cognizable cause of action against either of the federal defendants.  The original complaint appears to allege that Montgomery County Public Schools, Plaintiff's former employer, failed to pay her wages and retirement payments that she earned—it does not make any allegations concerning the federal government.  The second version of the complaint seems to suggest that Plaintiff applied to the SSA for Disability Benefits, and she attended hearings apparently as part of that application process.  However, she does not state

5

that she was denied those benefits, let alone that she was *improperly* denied those benefits or that she was denied any due process.

Assuming that Plaintiff's claim is that she was improperly denied benefits, it does not appear that Plaintiff has exhausted the administrative remedies provided for under the Social Security Act, such that filing suit in this court would not be the proper avenue for relief at this stage. *See John B. v. Comm'r, Soc. Sec. Admin.*, No. 19-1955-SAG, 2019 WL 6879776, at *2 (D.Md. Dec. 17, 2019) (explaining that the SSA is immune from suit except for, as authorized under the Social Security Act, after a "final decision" that follows exhaustion of all steps of the administrative review process). Upon denial of benefits, Plaintiff would have needed first to submit a request for reconsideration by the state SSA agency that denied her benefits. *See Bowen v. City of New York*, 476 U.S. 467, 471-72 (1986) (citing 20 C.F.R. §§ 404.909(a)(1), 416.1409(a)). Then, if she is dissatisfied with the state agency's decision on reconsideration, she may request a hearing by an administrative law judge within the SSA Office of Hearings and Appeals. *Id.* at 472 (citing 20 C.F.R. §§ 404.929, 416.1429, 422.201 *et seq.*). If the administrative law judge's determination is adverse to her, she may then seek review by the Appeals Council. *Id.* (citing 20 C.F.R. §§ 404.967-404.983, 416.1467-416.1483). If the Appeals Council's ruling is adverse, only then may she seek

judicial review in federal district court (not state court, where Plaintiff originally filed her complaints). *Id.* (citing 42 U.S.C. §§ 405(g), 421(d), 1383(c)(3); 20 C.F.R. §§ 404.900(a)(5), 404.981, 416.1400(a)(5), 416.1481, 422.210).

Based on the statements in the second version of Plaintiff's complaint, it seems that she attended two hearings related to her application for disability benefits. Her naming of an "A. LJ. Judge" in her complaint may be interpreted as her intention that her complaint serve as a request for a hearing before an administrative law judge, but she would have needed to request that hearing directly from the SSA. If she has already had a hearing before an administrative law judge, it is not reflected in the complaint that she has sought review by the Appeals Council. Because Plaintiff has failed to state a claim and has failed to exhaust administrative remedies, the United States' motion to dismiss will be granted. *See John B.*, 2019 WL 6879776, at *1-2 (dismissing a pro se plaintiff's complaint related to a decision by the SSA because he had failed to exhaust the administrative remedies provided for under the Social Security Act).

Additionally, Plaintiff has failed to comply with this court's order that she file an affidavit reflecting that service of process was effected on Defendant Montgomery County Public Schools or request the Clerk to issue a summons within the allotted fourteen days. Because Plaintiff has failed to demonstrate that

7

Defendant Montgomery County Public Schools has been served, to comply with this court's order, or to file anything in this court since the case was removed, the complaint against Montgomery County Public Schools will be dismissed without prejudice. *See* Fed.R.Civ.P. 4(m) (providing that a court may "on its own after notice to the plaintiff" dismiss an action without prejudice if a defendant is not served within a specified time); Local Rule 103.8.a (same); *see also* Fed.R.Civ.P. 41(b) (providing for dismissal if the plaintiff fails to prosecute or comply with a court order).

For the foregoing reasons, the United States' motion to dismiss will be granted.[3]  A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

[3] Because this case will be dismissed, it is unnecessary to rule on the United States' motion to substitute.